UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHRISTOPHER SHIULAZ,

                                                Plaintiff,

-against-

MICHAEL E. BEATON and HAROLD F. BEATON,

                                               Defendants.
-------------------------------------------------------------------------X

Docket No.:

**PETITION FOR REMOVAL**

## TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1. On December 12, 2022, a Summons and Complaint was filed in the Supreme Court of the State of New York, County of Bronx, and thereafter served upon defendants at their respective residences. The index number is 818545/2022E.

2. The above-described action is a civil action for which the court has jurisdiction under 28 U.S.C. 1332(a)(1) and is one which may be removed to this court by the petitioner/defendants herein pursuant to the provision of 28 U.S.C. § 1441(a).

3. Plaintiff, CHRISTOPHER SHIULAZ alleges in his complaint to be a resident of the State of New York, County of the Bronx. A copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

4. The court's jurisdiction is based upon diversity of citizenship as provided in 28 U.S.C. § 1332(a)(1) in that the plaintiff and defendants are citizens of different states.

5. Defendant, MICHAEL E. BEATON is a resident of the State of Massachusetts, County of Essex.

6. Defendant, HAROLD F. BEATON is a resident of the State of Massachusetts, County of Essex.

7. There is complete diversity amongst the plaintiff and defendants.

8. Upon information and belief, the amount in controversy exceeds $75,000 in that plaintiff claims to have sustained serious injuries in the accident which are the basis for his claim. *See* **Exhibit A**.

9. Petitioner/defendants will pay all costs and disbursements incurred by reason of the removal proceedings hereby brought should it be determined that this action is not removable or is improperly removed.

10. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 112 and 28 § U.S.C. 1391(a).

**WHEREFORE**, petitioner prays that the above action now pending against it in the Supreme Court of the United States, County of Bronx, be removed therefrom to the United States District Court for the Southern District of New York in accordance with U.S.C. § 1441(a) and § 1446.

Dated: Mineola, New York
January 12, 2023

By: _____
ALEXYS M. CARTER, ESQ.
BONGIORNO, MONTIGLIO, MITCHELL &
PALMIERI, PLLC
Attorneys for Defendants
MICHAEL E. BEATON
and HAROLD F. BEATON
200 Old Country Road, Suite 680
Mineola, New York, 11501
(516) 620-4490
Our File No.: MMG 043622 NJP

To:    Zachary K. Giampa, Esq.
       Attorney for Plaintiff
       200 Summit Lake Drive, Suite 270
       Westchester, New York 10595
       (718) 665-7700

Case 1:23-cv-00293-JMF   Document 1   Filed 01/12/23   Page 3 of 12

# "EXHIBIT "A"

FILED: BRONX COUNTY CLERK 12/12/2022 02:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 818545/2022E
RECEIVED NYSCEF: 12/12/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHRISTOPHER SCHULAZ

                                         Plaintiff,

-against-

MICHAEL E. BEATON and HAROLD F. BEATON

                                         Defendants.

**Index Number:**

Plaintiff designates BRONX as the place of trial. The basis of venue is the place of accident occurrence.

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an Answer to the Verified Complaint in this action within 20 days after the service of this Summons, exclusive of the date of the Summons, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: Westchester, New York

      December 17, 2022

                                                     Yours,

                                                     ZACHARY K. GIAMPA, ESQ., P.C.
                                                     *Attorney for Plaintiff*
                                                     200 Summit Lake Drive
                                                     Suite 270
                                                     Westchester, New York 10595
                                                     (718) 665-7700

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

CHRISTOPHER SCHIULAZ,

                Plaintiffs,

-against-

MICHAEL E. BEATON and HAROLD F. BEATON,

                Defendants.

**Index Number:**

**VERIFIED COMPLAINT**

Plaintiff, CHRISTOPHER SCHIULAZ, by and through his attorney Zachary K. Giampa, Esq. of Richard L. Giampa, Esq., P.C., alleges upon knowledge, information, and/or belief as follows:

1. That at all times herein mentioned, the Plaintiff was and still is a resident of the State of New York, County of Bronx.

2. That at all times herein mentioned, the Defendant, MICHAEL E. BEATON, was and still is a resident of the State of Massachusetts, County of Essex.

3. That at all times herein mentioned, the Defendant, HAROLD F. BEATON, was and still is a resident of the State of New Hampshire, County of Carroll.

4. That on March 6, 2022, at or about 2:30 p.m., Plaintiff, CHRISTOPHER SCHIULAZ was the operator of the Vehicle bearing Florida State license plate ZK4UN.

5. That on March 6, 2022, at or about 2:30 p.m., Defendant, MICHAEL E. BEATON, was the operator of a Vehicle, bearing a New Hampshire State license plate 3551243.

6. That on March 6, 2022, at or about 2:30 p.m., Defendant, HAROLD F. BEATON, was the insurance policy holder of a Vehicle, bearing a New Hampshire State license plate 3551243.

7. At all times herein mentioned, the Defendants, MICHAEL E. BEATON and HAROLD F.

BEATON managed, controlled, and/or maintained the aforementioned motor vehicle.

8. That at all times herein mentioned, the Cross Bronx Expressway, Bronx County, State of New York was and still is a public roadway.

9. That on March 6, 2022, at or about 2:30 p.m., Defendant, MICHAEL E. BEATON did strike the rear of the plaintiff's vehicle at the above described location with a vehicle insured by Defendant HAROLD F. BEATON.

10. By reason of the contact between the vehicles, the Plaintiff suffered serious and permanent injuries.

11. That said accident and injuries sustained by the Plaintiff was caused solely through and by the reason of the negligence of the Defendants without any negligence on the part of the Plaintiff contributing thereto in any way whatsoever.

12. That the Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of their motor vehicle and that the Defendant MICHAEL E. BEATON was otherwise negligent, careless and reckless under the circumstances then and there prevailing by including but not limited to:

   a. Following vehicles too closely;

   b. Failing to keep a proper lookout for warnings, other vehicles, and obstructions;

   c. Failing to ensure that he had adequate stopping distance to avoid hitting vehicles in front, next to him;

   d. Failing to ensure that he had adequate maneuvering room to avoid hitting vehicles in front, next to him, or in his path of travel;

   e. Driving at an excessive rate of speed;

   f. Operating his vehicle without adequate training and experience;

g. Failing to pay any attention to the road ahead; and

h. Failing to be diligent at all times.

13. That as a result of the negligence of the Defendants, MICHAEL E. BEATON and HAROLD F. BEATON, as aforesaid, the Plaintiff sustained severe and protracted personal injuries, endured pain and suffering, was incapacitated from normal pursuits, incurred lost earnings and medical expenses, lost the enjoyment of life, and the Plaintiff are informed and verily believe that the same will continue in the future, to their detriment and loss.

14. That the Plaintiff is a covered persons as defined in Article 51 of the Insurance Law of the State of New York.

15. That the Plaintiff sustained serious injuries as a result of the occurrence and upon information and belief, has sustained or will sustain economic loss greater than basic economic loss as defined in Article 51 of the Insurance Law of the State of New York.

16. That this action falls within one or more of the exceptions set forth in CPLR §1602.

17. That by reason of the foregoing, Plaintiff, CHRISTOPHER SCHIULAR, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, CHRISTOPHER SCHIULAR, demands judgment against the Defendants, MICHAEL E. BEATON and HAROLD F. BEATON, in an amount which exceeds the jurisdictional limits of all other Courts together with the costs and disbursements related to this action.

Dated: Westchester, New York
December 7, 2022

Yours,

Case 1:23-cv-00293-JMF   Document 1   Filed 01/12/23   Page 9 of 12
FILED: BRONX COUNTY CLERK 12/12/2022 02:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 818545/2022E
RECEIVED NYSCEF: 12/12/2022

Richard L. Giampa, Esq., P.C.
*Attorney for Plaintiff*
200 Summit Lake Drive
Suite 270
Westchester, New York 10595
(718) 665-7700

Case 1:23-cv-00293-JMF   Document 1   Filed 01/12/23   Page 10 of 12
FILED: BRONX COUNTY CLERK 12/12/2022 02:51 PM
NYSCEF DOC. NO. 1

INDEX NO. 818545/2022E
RECEIVED NYSCEF: 12/12/2022

STATE OF NEW YORK          )
                           )
COUNTY OF WESTCHESTER      ) ss.:

I, the undersigned, an attorney duly admitted to practice in the Courts of New York State, state that I am the attorney of record in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof, the same is true to my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters I believed it to be true.

This verification is made by the undersigned and not by the plaintiff because the plaintiff resides in a county other than the county in which the undersigned attorney maintains offices. The grounds to my belief as to all matters not stated upon my own knowledge are as follows: Investigations and records maintained in file.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Westchester, New York

December 7, 2022

ZACHARY K. GIAMPA, ESQ.,

## STATEMENT PURSUANT TO 22 NYCRR 130-1.1

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: Westchester, New York
       December 12, 2022

_____
Zachary K. Giampa, Esq., P.C.
*Attorney for Plaintiff*
200 Summit Lake Drive
Suite 270
Westchester, New York 10595
(718) 665-7700

Defendant's Address:

MICHAEL E. BEATON
7 Gap Head Road
Rockport, MA 01966

HAROLD F. BEATON
18 Pleasant Street
Rockport, MA 01966