UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
:
CHRISTOPHER SHIULAZ,                                                :
:
:
                Plaintiff,                                :
         -v-                                                            :                   23-CV-293 (JMF)
:
MICHAEL E. BEATON, et al.,                                          :             MEMORANDUM OPINION
:                       AND ORDER
:
                Defendants.                              :
:
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On January 12, 2023, Defendants removed this case from New York State court, invoking this Court's federal diversity jurisdiction pursuant to Title 28, United States Code, Section 1332.  *See* ECF No. 1.  It is well established that the party invoking diversity jurisdiction to remove a case to federal court "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (cleaned up).  Defendants' notice of removal did not demonstrate to a reasonable probability that the claim was in excess of $75,000, and this Court issued an order requiring Defendants to show cause why the action should not be remanded for lack of subject-matter jurisdiction.  *See* ECF No. 4.

        On January 27, 2023, Defendants filed a response providing no additional basis to satisfy the amount in controversy requirement and all but conceding that removal was improper.  *See* ECF No. 7.  It follows that the case must be and is remanded back to the state court from whence it came, without prejudice to removal later (assuming that removal for a second time is not impermissible) in the event that Defendants receive "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.  Although 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," Plaintiff does not seek fees or costs in his response.  *See* ECF No. 9.  The Clerk of Court is directed to immediately remand this case back to Bronx County Supreme Court and to close the case on this Court's docket.

        SO ORDERED.

Dated: February 6, 2023
       New York, New York
                                                                            JESSE M. FURMAN
                                                                  United States District Judge